John W. CROSS et al.,
Plaintiffs-Appellants,

v.

Lloyd BAXTER et al.,
Defendants-Appellees.

No. 80–7246.

United States Court of Appeals,
Fifth Circuit.
Unit B

March 20, 1981.

Laughlin McDonald, Neil Bradley, H. Christopher Coates, Atlanta, Ga., for plaintiffs-appellants.

Hoyt H. Whelchel, Jr., James C. Whelchel, Moultrie, Ga., for defendants-appellees.

Before JONES, FAY and HENDERSON, Circuit Judges.

FAY, Circuit Judge:

Plaintiff-appellant brought this action to have the at-large electoral system for selecting city councilmen in Moultrie, Georgia, declared illegal, as violative of the First, Thirteenth, Fourteenth, and Fifteenth Amendments, as well as 42 U.S.C. §§ 1971 and 1973. The District Court, holding for the defendants, dismissed the complaint. For the reasons set out below, we affirm the District Court's judgment.

This is the third in a series of voting dilution cases that we decide today. Rather than repeat the extensive discussion set forth in the first of these cases, *Lodge v. Buxton,* 639 F.2d 1358 (1981), we incorporate by reference herein the legal principles established in that case.

Appellants assert that, at a minimum, they are entitled to have this case remanded for reconsideration in light of the Supreme Court's decision in *Mobile v. Bolden,* 446 U.S. 55, 100 S.Ct. 1490, 64 L.Ed.2d 47 (1980). In light of our decision today in *Lodge v. Buxton, supra,* we conclude that such a remand is unnecessary.

We said in *Lodge v. Buxton* that, in order to maintain a voting dilution action such as this, a plaintiff must establish that the governmental body in question is unresponsive to its legitimate needs. Reduced to its simplest terms, failure to prove unresponsiveness precludes a plaintiff from obtaining relief. In the present case, the District Court concluded that plaintiffs had failed to establish that the Moultrie City Council was unresponsive to the particularized needs of the Black residents of that city. He based

that finding on evidence of the following: (1) Black areas of the community have recreational programs and facilities equal to those in the predominantly White areas; (2) public housing is substantially integrated; (3) the City Council has made "affirmative efforts" to increase voter registration, and has long since desisted from its earlier practice of maintaining segregated voting lists; (4) the jail facilities are not operated on a segregated basis, and law enforcement is administered without regard to race, creed, or color; (5) under the current plan the Black neighborhoods will have more paved streets than the White neighborhoods; and (6) the city has made an "active effort" to remedy any past disparity in the racial composition of its labor force. On the basis of this record, the District Court's finding, that plaintiff had failed to prove unresponsiveness by Moultrie city officials, is amply supported and not clearly erroneous. Accordingly, the judgment of the District Court dismissing plaintiff's complaint must be and is AFFIRMED.

HENDERSON, Circuit Judge, concurring in the result:

I concur in the result reached by the majority, but for the reasons set forth in my dissent in *Lodge v. Buxton*, 639 F.2d 1358 (5th Cir. 1981) decided today, I must respectfully disagree with the legal principles leading to that conclusion.

The district court order was entered prior to the Supreme Court's decision in *City of Mobile v. Bolden*, 446 U.S. 55, 100 S.Ct. 1490, 64 L.Ed. 47 (1980). Consequently, the district judge did not have the benefit of the *Mobile* opinion but was bound by the mandate of *Cross v. Baxter*, 604 F.2d 875 (5th Cir. 1979). On remand, he conducted another hearing in which he evaluated the plaintiffs' evidence of unresponsiveness and found it to be lacking. The majority, reaffirming the viability of this *Zimmer* factor, upholds the district judge's finding. While I agree with the majority that the district court's findings of fact are not clearly erro-

neous, I am also of the opinion that the evidence does not measure up to the *Mobile* standard for the maintenance of a voting dilution case. For this reason, I believe that the judgment of the district court should be affirmed.