John W. CROSS, et al.,
Plaintiffs-Appellants,

v.

Lloyd BAXTER, et al.,
Defendants-Appellees.

No. 80–7246.

United States Court of Appeals,
Fifth Circuit.*
Unit B

Sept. 20, 1982.

Laughlin McDonald, Neil Bradley, Christopher Coates, Atlanta, Ga., for plaintiffs-appellants.

Hoyt H. Whelchel, Jr., James C. Whelchel, Moultrie, Ga., for defendants-appellees.

Before JONES, FAY, and HENDERSON, Circuit Judges.

PER CURIAM:

Under date of March 20, 1981 we issued our opinion in this matter, 5th Cir., 639 F.2d 1383. Because both the majority and concurring opinions discuss the question of "unresponsiveness" by the public body in question, we supplement our holding by taking specific note of the language in footnote 9 of the recent case of *Rogers v. Lodge,* —— U.S. ——, 102 S.Ct. 3272, 73 L.Ed.2d 1012 (1982) wherein the United States Supreme Court states:

> The Court of Appeals held that "proof of unresponsiveness by the public body in question to the group claiming injury" is an *essential* element of a claim of voting dilution under the Fourteenth Amendment. 639 F.2d, at 1375. Under our cases, however, unresponsiveness is an important element but only one of a number of circumstances a court should consider in determining whether discriminatory purpose may be inferred.

In a further effort to clarify our holding, we point out that this matter was tried subsequent to a remand from our court and in accordance with that opinion, 604 F.2d 875 (5th Cir. 1979). Thereafter, the trial court made extensive findings of fact and conclusions of law. We find these findings of fact to be not clearly erroneous. The trial court's conclusions of law were based upon the mandate set forth above and the authorities cited therein including *Zimmer v. McKeithen,* 485 F.2d 1297 (5th Cir. 1973) (*en banc*), aff'd on other grounds sub nom. *East Carroll Parish School Board v. Marshall,* 424 U.S. 636, 96 S.Ct. 1083, 47 L.Ed.2d 296 (1976). The trial court did not have the benefit of the Supreme Court's decisions in

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

*City of Mobile v. Bolden*, 446 U.S. 55, 100 S.Ct. 1490, 64 L.Ed. 47 (1980) nor *Rogers v. Lodge*; however, a review of these conclusions reflects that the plaintiff's case falls short under any yardstick.

The judgment is AFFIRMED.

All pending motions are DENIED.